UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMANUEL DELACRUZ, ON BEHALF OF
HIMSELF AND ALL OTHER PERSONS
SIMILARLY SITUATED,

                                    Plaintiff,

                - against -

CLUB MONACO U.S., LLC,

                                    Defendant.

**ORDER**

19 Civ. 10255 (PGG) (OTW)

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff Emanuel Delacruz, on behalf of himself and others similarly situated, alleges that Defendant Club Monaco U.S., LLC's gift cards are not accessible to the legally blind.  The Complaint asserts claims for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (the "ADA"); the New York State Human Rights Law, N.Y. Exec. L. § 290 et seq. (the "NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. (the "NYCHRL").  For the reasons stated below, this action will be dismissed for lack of standing.

**BACKGROUND**

The Complaint was filed on November 4, 2019 (Cmplt. (Dkt. No. 1)), and seeks, inter alia, a declaration that Defendant "markets, distributes[,] and sells store gift cards in a manner that discriminates against the blind"; injunctive relief under the ADA, the NYSHRL, and the NYCHRL; and "compensatory damages" under the NYSHRL and NYCHRL.  (Id. at 21-22)[1]

---

[1]  The page numbers of documents referenced in this order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

On November 6, 2019, this Court referred this case to Magistrate Judge Ona Wang for general pretrial supervision.  (Dkt. No. 5)

In a March 6, 2020 letter, Defendant requested a pre-motion conference in anticipation of moving to dismiss under (1) Fed. R. Civ. P. 12(b)(6) for failure to state a claim, arguing that the ADA does not require public accommodations to sell accessible gift cards; and (2) Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiff has not established standing.  (See Def. Mar. 6, 2020 Ltr. (Dkt. No. 9))

On June 24, 2020, this Court denied the request for a pre-motion conference and stayed the proceedings pending a decision in the appeal of Dominguez v. Banana Republic, LLC, 613 F. Supp. 3d 759 (S.D.N.Y. 2020), and four similar lawsuits brought against retail stores that do not offer braille gift cards.  (June 27, 2020 Order (Dkt. No. 11))  In each of those cases, the complaint sought injunctive relief and compensatory damages, and included the following "identical" allegations:  each plaintiff (1) "reside[d] 'in close proximity to' Defendants' businesses"; (2) had been "'customer[s] at Defendant[s'] location on prior occasions'"; and (3) "'intend[ed] to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind.'"  Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 76 (2d Cir. 2022) (quoting joint appendix).  Judge Woods dismissed plaintiffs' ADA claims for lack of standing, finding that they had not plausibly pled their "intent to return" to defendants' stores if braille gift cards were made available, and declined to exercise supplemental jurisdiction over plaintiffs' NYSHRL and NYCHRL claims.  See, e.g., Dominguez, 613 F. Supp. 3d at 765-66.

On June 2, 2022, the Second Circuit affirmed in each of the five Judge Woods cases, finding that plaintiffs had not pled facts demonstrating a "real and immediate threat of

repeated injury," and instead had only "offer[ed] . . . 'naked assertions' of intent to return to [d]efendants' stores if they offer braille gift cards." Calcano, 36 F.4th at 77-78 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The Second Circuit found that plaintiffs' "threadbare assertions are conclusory and do not raise a reasonable inference of injury" under the ADA.  Id. at 76.  The Second Circuit also affirmed Judge Woods' decision to decline to exercise supplemental jurisdiction over plaintiffs' NYSHRL and NYCHRL claims.  Id. at 78.

Following Calcano, the parties in the instant case submitted a June 15, 2022 joint letter in which Plaintiff requested permission to file an Amended Complaint, and Defendant sought leave to move to dismiss.  (June 15, 2022 Joint Ltr. (Dkt. No. 12) at 1)

In a December 5, 2022 order, Judge Wang lifted the stay and directed Plaintiff to show cause why this action should not be dismissed for lack of standing:

> Plaintiff is **ORDERED TO SHOW CAUSE**, by January 5, 2023, why I should not recommend dismissal of the case for lack of standing in light of the decisions in Dominguez v. Banana Republic, LLC, No. 20-1559 (2d Cir. 2020) and Dominguez v. Taco Bell Corp., No. 19-10172 (LGS), 2020 WL 3263258 (S.D.N.Y. June 17, 2020).  Plaintiff's showing of cause shall be filed on the docket.

(Dec. 5, 2022 Order (Dkt. No. 13)) (emphasis in original)  Plaintiff did not respond in any fashion to Judge Wang's December 5, 2022 show cause order.

In a January 18, 2023 R&R, Judge Wang recommends that this Court dismiss this action for lack of standing.  (R&R (Dkt. No. 14) at 1)[2]  In her R&R, Judge Wang notifies the

---

[2]  Although the standing issue was not briefed by the parties, a court is obligated to sua sponte raise the issue where subject matter jurisdiction appears to be lacking.  See Green Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State Dep't of Corr. & Cmty. Supervision, 16 F.4th 67, 78 (2d Cir. 2021) ("[B]ecause the question of standing goes to the constitutional limitations on the 'judicial Power of the United States,' which is limited to resolving 'Cases' or 'Controversies,' U.S. Const. art. III, [courts] 'are entitled at any time sua sponte to delve into the issue' of standing even if defendants do not raise the issue") (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997)); Juliano v. Citygroup, N.A., 626 F. Supp. 2d 317, 318 (E.D.N.Y.

parties that, "[i]n accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)," they "have fourteen (14) days (including weekends and holidays) from receipt of this Report and Recommendation to file written objections." (Id. at 2)  The R&R further states that "failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review." (Id.) (emphasis omitted) (citing, inter alia, Thomas v. Arn, 474 U.S. 140 (1985))

No party has submitted objections to the R&R.

## DISCUSSION

### I.    LEGAL STANDARDS

#### A.    Review of a Magistrate Judge's R&R

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to a magistrate judge's recommendations, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no timely objection has been filed to the magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas, 474 U.S. at 147-48; see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure

---

2009) ("[A] district court has an unflagging duty to raise the issue [of subject matter jurisdiction] sua sponte whenever jurisdiction appears to be lacking.").

to timely object to a report generally waives any further judicial review of the findings contained in the report.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of Judge Wang's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

### B.   **Standing**

"'The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance.  This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limits on its exercise.'" United States v. Suarez, 791 F.3d 363, 366 (2d Cir. 2015) (quoting Kowalski v. Tesmer, 543 U.S. 125, 128 (2004)).

To establish constitutional standing, a plaintiff seeking damages "must show (1) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) that the injury was likely caused by the defendant; and (3) that the injury would likely be redressed by judicial relief." TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).  A "concrete" injury must be "'real,' and not 'abstract,'" Spokeo, Inc. v. Robins, 578 U.S. 330, 340 (2016) (quoting Webster's Third New

International Dictionary 472 (1971)), and any alleged "particularized" injury "'must affect the plaintiff in a personal and individual way.'" Id. (quoting Lujan, 504 U.S. at 560 n.1).

Applying these standards to Plaintiff's claim for injunctive relief under the ADA,[3] an injury in fact is adequately pled where "'(1) the plaintiff alleged past injury under the [ADA]; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendant['s] [business] to plaintiff's home, that plaintiff intended to return to the subject location.'" Calcano, 36 F.4th at 74 (quoting Kreisler, 731 F.3d at 187-88) (ADA claim); Mendez v. Apple Inc., No. 18 Civ. 7550 (LAP), 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019) (noting that requests for injunctive relief under the NYSHRL and NYCHRL are "governed by the same standing requirements as the ADA").  In order to satisfy the third factor, it is not sufficient to plead the "magic words" that a plaintiff "intends to return" to the defendant's store; instead, plaintiff must plausibly allege "a real and immediate threat of future injury." Calcano, 36 F.4th at 74-75 (citation omitted).

Although a complaint's "material allegations" are "accept[ed] as true" for purposes of resolving a motion to dismiss, a plaintiff still "bears the burden of alleging facts that affirmatively and plausibly suggest that [he or she] has standing to sue." Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l., 790 F.3d 411, 417 (2d Cir. 2015) (internal citations and quotation marks omitted).

---

[3] The ADA "does not provide for compensatory damages." Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 186 n.1 (2d Cir. 2013).

II.    **ANALYSIS**

      This Court has reviewed Judge Wang's R&R and finds it to be free of any clear error.

      As to concrete injury, the Complaint contains the following allegations:

(1) on October 25, 2019, the Plaintiff contacted Defendant and inquired if Defendant sold store gift cards containing Braille and was informed by Defendant's employees that Defendant does not sell store gift cards containing Braille;

(2) the Plaintiff intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards containing Braille; and

(3) if the store gift cards were accessible, Plaintiff and similarly situated blind and visually-impaired people could independently utilize them."

(Cmplt. (Dkt. No. 1) ¶¶ 11, 13, 37)

      Plaintiff's allegations regarding injury and standing closely resemble those that the Second Circuit rejected as "conclusory" and without "factual support" in Calcano. Plaintiff does not plead that he was a customer at Defendant Club Monaco's store "on prior occasions," nor does he state "which stores [he] visited or what items [he] purchased," or "why [he] want[s] to purchase braille gift cards – for [his] own use or as gifts." Calcano, 36 F.4th at 76-77. "[W]ithout such basic [allegations]," Plaintiff "cannot possibly show that [he] [has] suffered an injury that is 'concrete and particularized.'" Id. at 77 (quoting Lujan, 504 U.S. at 560).

      Although Plaintiff states in the Complaint that he "intends to immediately purchase at least one [accessible] store gift card" from Defendant (see Cmplt. (Dkt. No. 1) ¶ 13), this "vague assertion[]" of future intent to return is "conclusory and do[es] not raise a reasonable inference of injury." Calcano, 36 F.4th at 76 (analyzing a similar allegation); see also Baur v. Veneman, 352 F.3d 625, 636-37 (2d Cir. 2003) ("While the standard for reviewing standing at the pleading stage is lenient, a plaintiff cannot rely solely on conclusory allegations of injury or

7

ask the court to draw unwarranted inferences in order to find standing.").  In sum, the Complaint

does not plead facts suggesting that Plaintiff has suffered any concrete injury in fact.

Accordingly, Plaintiff's ADA claim – his sole federal claim – will be dismissed for lack of

standing.

This Court declines to exercise supplemental jurisdiction over Plaintiff's

remaining state and city law claims.  <u>See</u> 28 U.S.C. § 1367(c)(3) ("The district courts may

decline to exercise supplemental jurisdiction over a claim . . . [once] the district court has

dismissed all claims over which it has original jurisdiction."); <u>Calcano</u>, 36 F.4th at 78 (affirming

district court's decision to "declin[e] to exercise supplemental jurisdiction over [p]laintiffs' state

and local law claims") (citing <u>Giordano v. City of New York</u>, 274 F.3d 740, 754 (2d Cir. 2001)).

## CONCLUSION

Judge Wang's R&R (Dkt. No. 14) is adopted in its entirety, and this action is dismissed without prejudice.[4]

The Clerk of Court is directed to close this case.

Dated: New York, New York
     April 26, 2024

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

[4] "Where[, as here,] a [claim] is dismissed for lack of Article III standing," "that disposition cannot be entered with prejudice, and instead [the claim] must be dismissed without prejudice." Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 121 (2d Cir. 2017) (emphasis in original); see also Hernandez v. Conriv Realty Associates, 182 F.3d 121, 123 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.").

Where a court declines to exercise supplemental jurisdiction over state and local law claims, those claims are dismissed "without prejudice so that the state courts may adjudicate those claims in their entirety if the plaintiff chooses to pursue them in those courts." Giordano v. City of New York, 274 F.3d 740, 755 (2d Cir. 2001).